IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LARRY W. DONAHOE                                                    PLAINTIFF

vs.                              Civil No. 1:12-cv-01085

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Larry W. Donahoe ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB")

under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments of counsel, this Court recommends

Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background:**

Plaintiff filed his disability applications on October 1, 2008.  (Tr. 14).  In his applications,

Plaintiff alleges being disabled due to emphysema, high blood pressure, bronchitis, seizures, and

missing two fingers.  (Tr. 119).  Plaintiff alleges an onset date of April 2, 2007.  (Tr. 119).  These

applications were denied initially and again on reconsideration.  (Tr. 14, 56-59, 62-74).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

request was granted.  (Tr. 75).  An administrative hearing was held on September 8, 2010 in Pine Bluff, Arkansas.  (Tr. 27-55).  At the administrative hearing, Plaintiff was present and was represented by Mary Thomason.  *Id.*  Plaintiff, his witness Richard Roper and Vocational Expert ("VE") Beverly Majors testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB).  (Tr. 31).  Plaintiff also testified at the administrative hearing in this matter that he stopped going to school in the tenth grade and did obtain his GED.  (Tr. 32).

On December 10, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications.  (Tr. 14-22).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 16, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 2, 2007, his alleged onset date.  (Tr. 16, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease, emphysema, and a seizure disorder.  (Tr. 16-17, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 17-21, Finding 5). In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to the extent he alleged.  *Id.*  Second, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional non-exertional limitations. The claimant

is able to lift or carry 20 pounds occasionally and 10 pounds frequently, and can sit, stand or walk for 6 hours in an 8-hour day. He should avoid exposure to concentrated amounts of respiratory irritants such as dust, fumes, strong odors, or extreme changes in temperature or humidity.  In addition he should not work at unprotected heights, around moving or dangerous machinery, or drive a vehicle.

*Id.*

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 21, Finding 6).  The ALJ determined his PRW included work as a logging skidder operator, track hoe operator, loader operator, and an oil well servicer.  *Id.*  The ALJ found Plaintiff did not retain the capacity to perform any of his PRW.  *Id.*

The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 21-22, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Specifically, the VE testified that considering his age, education, work experience, and RFC, Plaintiff retained the capacity to perform occupations such as cashier with 1,276,892 such jobs nationally and 11,725 such jobs locally, officer helper with 81,363 such jobs nationally and 525 such jobs locally, and general office clerk with 319,193 such jobs nationally and 2,576 such jobs locally.  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act from his application date or from April 2, 2007 through the date of his decision. (Tr. 22, Finding 11).

Thereafter, on December 20, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 8).  On June 25, 2012, the Appeals Council declined to review this disability determination.  (Tr. 1-3).  On July 18, 2012, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 8, 11.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   <u>**Discussion:**</u>

In his appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ improperly discounted opinion evidence; (2) the ALJ failed to consider the combined effects of Plaintiff's impairments; (3) the ALJ improperly and inappropriately discredited his subjective complaints; and (4) the ALJ's Step Five conclusion is erroneous. ECF No. 8 at 7-13. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  While the ALJ indicated the factors from *Polaski* had been considered (Tr. 18), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.  In his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 18).

The ALJ's failure to actually consider the *Polaski* factors, failure to provide any inconsistencies between Plaintiff's subjective complaints and the record, and his reliance on Plaintiff's medical records alone was in error.  *See Polaski,* 739 F.2d at 1322.  Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 11th day of April 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE